## WHITMAN v. BRYANT.

### Statute of Frauds.

B. offered to buy of plaintiff a quantity of lumber, which plaintiff refused to sell to him unless he would procure defendant to guarantee payment, which B. said he thought he could do. Defendant soon called upon plaintiff, and handed him a paper, saying, "Here is a memorandum showing how John wants the lumber cut up, You let him have the lumber, and I will see you have your pay for it," whereupon plaintiff delivered the lumber to B., charging it to him and defendant, but supposing defendant responsible for it; and soon afterwards B. made a partial payment therefor to plaintiff. Defendant afterwards bought other lumber of the plaintiff that was charged to him alone, and paid plaintiff in money furnished by B. for that purpose a sum on account more than sufficient to pay for the second purchase, the whole of which, in the absence of instructions, plaintiff applied on the first purchase; and after such purchase and payment, B. looked over accounts with plaintiff without defendant's knowledge, and treated both purchases and all payments as his own. *Held*, that the first contract was an original, and not a collateral or conditional, undertaking on the part of defendant, and that he was liable for the lumber first purchased.

BOOK ACCOUNT. The auditor reported that in 1872, John T. Bryant, the defendant's son, offered to buy of the plaintiff a quantity of ash lumber, of the value of about $725; that the plaintiff declined to sell it to him on his personal credit, but told him he would let him have it if he would get the defendant, his father, to guarantee payment; that John said he thought he could get the defendant to do it, and that soon afterwards the defendant called and handed a paper to the plaintiff, saying, " Here is a memorandum showing how John wants the lumber cut up. You let him have the lumber, and I will see you have your pay for it;" that thereupon the plaintiff delivered the lumber to John, charging it to him and the defendant, but supposing the defendant responsible for the pay, and not intending then or thereafter to release him; that some months afterwards, John paid the plaintiff $400 on account; that in 1873 the defendant bought of the plaintiff another quantity of lumber of the value of $215, and afterwards in the same year paid the plaintiff, in several small payments, an aggregate of $300, which the auditor supposed to have been furnished by John for that purpose, saying nothing as to how it should be applied, the plaintiff, however, applying it in payment for the lumber just purchased; that in 1875 the defendant bought still another lot of lumber of the plaintiff, of the value of $219, which, like the second lot, was charged to the defendant; that in 1874 the plaintiff and John looked over accounts, the defendant not being present nor aware of the looking-over, and John gave the plaintiff a memorandum of settlement by him signed, acknowledging an indebtedness of $320.42, which memorandum embraced the first two lots of lumber and all payments to that date, with interest; and that if the defendant was liable for the first lot of lumber, the sum due from him to the plaintiff, including interest to December 5, 1876, was $438.97; but if not so liable, the sum so due was $342.51. The auditor made an additional report, stating that at a rehearing he had found that the first item of $725 included an item of $53.20 for lumber that John had bought on his personal credit, and for which the defendant had never promised to pay.

65

The court, at the May Term, 1876, Barrett, J., presiding, rendered judgment, *pro forma*, on the report for the plaintiff for. $438.97 ; to .which the defendant excepted.

*J. F. Deane*, for defendant, cited *Slasson* v. *Davis*, 1 Aik. 73 ; *Fullam* v. *Adams*, 37 Vt. 391.

*C. B. Eddy*, for plaintiff, cited *Walker* v. *Richards*, 41 N. H. 391; Browne Frauds, 199 ; *Arbuckle* v. *Hawks*, 20 Vt. 538 ; *Hodges* v. *Hall*, 29 Vt. 209 ; *Bushee* v. *Allen*, 31 Vt. 631 ; *Blodgett* v. *Lowell*, 33 Vt. 174 ; *Eddy* v. *Davidson*, 42 Vt. 56 ; *Bagley & Dodge* v. *Moulton*, 42 Vt. 184 ; *Chase* v. *Day*, 17 Johns. 114 ; *Follett* v. *Steele*, 16 Vt. 30.

The opinion of the court was delivered by

Redfield, J. From the facts stated in the report, we think that the defendant's contract was an original undertaking, and not collateral or conditional ; and that he became responsible for the purchase of the first lot of ash lumber ; but that the defendant is not responsible for the lumber afterwards purchased by John T. Bryant, amounting to $53.20, which was included in the first item and in the judgment below.

The *pro-forma* judgment of the County Court is therefore reversed, and judgment for the plaintiff on the report for the same sum (less $53.20), with interest.